UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROBERT PECK, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA VICTIM COMPENSATION & GOVERNMENT CLAIMS BOARD (CVCGB) EXECUTIVE DIRECTOR, JULIE NAMAN, et al.,<br><br>Defendants. | No.  2:16-cv-0736 KJM KJN P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983, and requests authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 and 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). For the reasons set forth below, the undersigned recommends that this action be summarily dismissed without leave to amend, and, accordingly, no filing fee will be assessed at this time. Plaintiff's motion to proceed in forma pauperis is denied as moot.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
9  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.
10      Here, plaintiff names Julie Naman, Executor Officer of the CVCGB, and Scott Kernan,
11 Superintendent of Prisons, California Department of Corrections and Rehabilitation ("CDCR"),
12 as defendants in this action, and seeks injunctive relief prohibiting defendants from seizing
13 monies from his inmate trust account.  Plaintiff claims that during his sentencing hearing on
14 November 5, 2009, "there was some discussion regarding plaintiff . . . being assessed restitution
15 in the amount of $17,277.26" to the CVCGB, but that "no legally binding court order actually
16 transpired."  (ECF No. 1 at 10.)  Plaintiff claims that he had the right to a hearing to dispute the
17 amount of restitution, and complains that the CDCR "illegally seizes 55% of plaintiff's income
18 regardless of which facility he may be housed at."  (ECF No. 1 at 1.)  Plaintiff argues that the
19 taking of these funds from his inmate trust account without a court order violates his Fourteenth
20 Amendment right to due process.  In addition to injunctive relief, plaintiff seeks money damages.
21 (ECF No. 1 at 11.)
22      In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States Supreme Court held that in
23 order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for
24 other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,
25 a plaintiff must prove that the conviction or sentence has been reversed on direct appeal,
26 expunged by executive order, declared invalid by a state tribunal authorized to make such
27 determination, or called into question by a federal court's issuance of a writ of habeas
28 corpus.  <u>Id.</u> at 486-87.  A claim for damages arising from a conviction or sentence that has not

1 been so invalidated is not cognizable under section 1983.  Heck, 512 U.S. at 486-87.

2   When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Id. at 487.

   Here, plaintiff is challenging the validity of the restitution aspect of his conviction, but the conviction has not been invalidated, so this claim must be dismissed.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by Heck may be dismissed *sua sponte* without prejudice).

   In any event, the complaint does not warrant relief as state law provides for restitution.  California Penal Code §§ 2085.5(a) and (b) permit the CDCR to deduct up to 50% of a prisoner's wage and trust account deposits and use those funds to pay off that prisoner's restitution.  The entirety of this 50% deduction must be applied to that prisoner's restitution.  California Penal Code § 2085.5(c) permits CDCR to deduct an additional amount, up to 10% of the amount deducted under subdivision (a) or (b), as an administrative fee.  Thus, one subdivision authorizes a 50% deduction that is applied toward restitution and an entirely separate subdivision authorizes an additional deduction that is paid as an administrative fee.  The amount of the second deduction is equal to 10% of the amount of the first deduction.  Therefore, if the prison deducts 50% under subdivision (a) or (b) for restitution, subdivision (c) authorizes prison officials to deduct an additional 10% of that amount.  The two amounts taken together would add up to 55% of the wage and trust account deposit as in plaintiff's case.  Accordingly, to the extent plaintiff challenges the withdrawal of 55% of his income, such allegation is unavailing.

   Moreover, substantive and procedural due process challenges to Section 2085.5 have been routinely rejected by the courts, which have found that the statute is "rationally related to legitimate state interests in compensating crime victims," and because "the deductions were effected by a valid act of the California legislature and the legislative process."  See Craft v.

////

////

3

Ahuja, 475 F. App'x 649, 650 (9th Cir. 2012);[1] accord Abney v. Alameida, 334 F. Supp. 2d 1221 (S.D. Cal. 2004) (rejecting plaintiff's due process and equal protection claims on the ground that "[p]laintiff has not, and cannot, allege that the deduction of money to satisfy the victim restitution order is not a legitimate interest of the State of California."); Thompson v. Swarthout, 2012 WL 1682029, *3 (E.D. Cal. 2012) (no cognizable claim for relief under the Fourteenth Amendment) (citing cases).  In addition, to the extent that plaintiff challenges his underlying obligation to pay his restitution fine, there is no basis for a takings challenge.  See Abney, 334 F. Supp. 2d at 1229 (explaining that "[u]nlike the ordinary situation where the government takes property for public use without a prior relationship to the owner of the property, [Abney] is subject to the regulatory scheme here only as a result of a criminal conviction entered against him and the subsequent collection of a related civil judgment, and he retains the full measure of his rights to challenge the imposition and execution of the civil judgement").

Finally, plaintiff's claim that no valid order supports the "seizing" of these "monies" from his account is also unavailing.  Because the underlying criminal trial record was lodged with the court in connection with his habeas petition, the court confirmed that plaintiff was present during sentencing when the trial court ordered restitution in the amount of $17, 277.00.  People v. Peck, Case No. LF011459A (San Joaquin County Superior Court), Reporter's Transcript at 735.[2] Plaintiff's counsel objected to the restitution order.  Id. at 736.  The Clerk's Minute Order confirms that the trial court ordered restitution in the amount of $17,277.00, and the abstract of judgment also reflects the restitution order.  Id., Clerk's Transcript at 576, 585.

////

////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[2] The record was lodged with this court on November 13, 2013, in Peck v. Foulk, No. 2:13-cv-1265 JKS (E.D. Cal.).  The petition was denied on the merits.  Plaintiff did not include a challenge to the restitution order in his habeas petition, or on direct appeal.  Id., ECF No. 1; Respondent's Lodged Document 4.  See also People v. Peck, 2011 WL 2929677 (3rd App. Dist. Cal. July 21, 2011).

For all of the above reasons, the court finds that the complaint fails to state a cognizable claim for relief, and that it would be futile to permit amendment. Therefore, the court recommends dismissal of this action without leave to amend.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is denied as moot; and

IT IS RECOMMENDED that this action be dismissed without leave to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 26, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/peck0736.56