1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES ROBERT PECK, JR.,                No.  2:16-cv-0736 KJM KJN P

12                    Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   JULIE NAMAN, et al.,

15                    Defendants.

16

17   I.  Introduction

18        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis.  On August 8, 2017,

19   defendants filed a motion to dismiss this action on several grounds.  Following multiple

20   extensions of time, plaintiff filed a document styled, "Plaintiff's Non-Opposition to Defendants'

21   Motion to Dismiss."  (ECF No. 31.)  As set forth below, the undersigned recommends that

22   defendants' motion to granted, and this action be dismissed.

23   II.  Plaintiff's Complaint

24        In his complaint, plaintiff alleges that his right to due process was violated because the

25   San Joaquin County Superior Court did not provide him a hearing to challenge the $17,277

26   restitution obligation in connection with his underlying criminal conviction.  (ECF No. 1.)

27   Despite the $17,277.26 restitution amount being discussed at his sentencing hearing on November

28   5, 2009, plaintiff denies that an order of restitution issued, and therefore alleges that the monies

being deducted from his trust account by defendants are being wrongfully confiscated.

Plaintiff names Julie Naman, Executive Officer, of the California Victim Compensation Government Claims Board ("VCGCB"); and Scott Kernan, Superintendent of Prisons, California Department of Corrections and Rehabilitation ("CDCR") as defendants.

Plaintiff seeks money damages, as well as injunctive relief prohibiting defendants from seizing funds from plaintiff's inmate trust account.

III.  The Parties' Positions

In their motion to dismiss, defendants contend that plaintiff's complaint is frivolous and fails to state a claim because:

1.  Plaintiff's claim that he was not provided a hearing on the issue of restitution is false, as supported by certified court records provided by defendants with their motion.  See People v. Peck, Case No. LF011459A (San Joaquin County) (transcript of plaintiff's March 9, 2010 sentencing hearing) (ECF No. 20-3 at 4-28) and abstract of judgment (ECF No. 38-41).[1]

2.  Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

3.  California Penal Code § 2085.5, subdivision (c), mandates payment of restitution imposed under California Penal Code § 1202.4, subdivision (f); thus, absent a court order setting aside the restitution order, defendants CDCR and VCGCB are legally required to comply with the $17,277.00 restitution order.

4.  The complaint fails to state a claim because the named defendants did not issue the challenged order.

Therefore, defendants ask that this case be dismissed as frivolous or for failure to state a claim, and that the dismissal be counted as a strike under 28 U.S.C. § 1915(g).  (ECF No. 20-1 at 5.)

In the alternative, defendants seek dismissal of plaintiff's request for damages because

---

[1]  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).  Defendants' request to take judicial notice of such court records is granted.

both defendants are entitled to immunity under the Eleventh Amendment, and request that the complaint be dismissed without prejudice because plaintiff concedes on the face of his complaint that he failed to first exhaust his administrative remedies.  (ECF No. 20-1 at 6.)

As noted above, plaintiff filed a statement of non-opposition to the dismissal of this action.[2]  However, plaintiff states he does not concede his claims that his constitutional right to due process was violated, and contends such claim was not frivolous.  Plaintiff chooses not to oppose defendants' motion because he is a layman lacking skills and abilities to articulate his claims, and states he "is unable to compete with defendants' counsel of superior caliber."  (ECF No. 31. at 2.)  Plaintiff requests that the dismissal not be counted as a strike under § 1915(g).

IV.  Federal Rules of Civil Procedure 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted, and challenges the sufficiency of the pleadings.  Vega v. JPMorgan Chase Bank, N.A., 654 F.Supp.2d 1104, 1109 (E.D. Cal. 2009).  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  But in order to survive a motion to dismiss such short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 678).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

_____

[2]  Defendants filed their motion on August 8, 2017.  Plaintiff was granted multiple extensions of time in which to oppose the motion to dismiss, and his opposition was due on or before December 8, 2017.  Plaintiff signed his statement of non-opposition on November 22, 2017.

conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" Papasan v. Allain, 478 U.S. 265, 286 (1986), "allegations that contradict matters properly subject to judicial notice," or material attached to or incorporated by reference into the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint, incorporated by reference, or by judicial notice will not convert a motion to dismiss into a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003); Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); compare Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

V. Relevant California Penal Code Sections

California Penal Code § 1202.4, subdivision (a)(3), (f) provides, in pertinent part:

> (3) The court, in addition to any other penalty provided or imposed under the law, shall order the defendant to pay both of the following:
>
> (A) A restitution fine. . .; [and]
>
> (B) Restitution to the victim . . . in accordance with subdivision (f), which shall be enforceable as if the order were a civil judgment.
>
> (f) . . . in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . . The court shall order full restitution.

4

> (1) The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant. . . .
>
> (2) . . . Restitution ordered pursuant to this subdivision shall be ordered to be deposited in the Restitution Fund to the extent that the victim . . . has received assistance from the California Victim Compensation and Government Claims Board . . . .
>
> (3) To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct . . .

Cal. Penal Code § 1202.4(a)(3), (f).

California Penal Code § 2085.5(c) provides, in pertinent part:

> (c) If a prisoner owes a restitution order imposed pursuant to . . . subdivision (f) of Section 1202.4 of this code, the secretary shall deduct a minimum of 20 percent or the balance owing on the order amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law. The secretary shall transfer that amount to the California Victim Compensation Board for direct payment to the victim, or payment shall be made to the Restitution Fund to the extent that the victim has received assistance pursuant to that program. The sentencing court shall be provided a record of the payments made to victims and of the payments deposited to the Restitution Fund pursuant to this subdivision.

Cal. Penal Code § 2085.5(c).

VI. Discussion

A. Deductions from Trust Account

In his complaint, plaintiff contends that restitution funds are being "illegally collected by the [CDCR] on behalf of the VCGCB." (ECF No. 1 at 11.) To the extent plaintiff challenges defendants' roles in removing funds from plaintiff's trust account, or receiving and disbursing funds to the Victim's Compensation Board, both defendants are required under state law to do so. Under California Penal Code § 2085.5(c), the CDCR is required to deduct funds from plaintiff's trust account statement, and transfer the funds to the VCGCB. In turn, the VCGCB is required to disburse such funds to the victim or "to the Restitution Fund to the extent that the victim has

5

1  received assistance pursuant to that program." Cal. Penal Code § 2085.5(c).

2  Even assuming, *arguendo*, such deductions were unauthorized, the United States Supreme

3  Court has held that "an unauthorized intentional deprivation of property by a state employee does

4  not constitute a violation of the procedural requirements of the Due Process Clause of the

5  Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."

6  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  The California Legislature has provided a remedy

7  for tort claims against public officials in California Government Code, §§ 900, et seq.  Because

8  California provides a meaningful postdeprivation remedy, only authorized, intentional

9  deprivations constitute actionable violations of the Due Process Clause.

10  But even if plaintiff challenged authorized deductions from plaintiff's trust account, his

11  claim would fail.  The United States Supreme Court has held that an authorized deprivation of

12  property pursuant to prison regulations is valid if reasonably related to legitimate penological

13  interests.  See Turner v. Safley, 482 U.S. 78, 89 (1987).  The Court of Appeals for the Ninth

14  Circuit has held that California Penal Code § 2085.5, which requires the Director of the CDCR to

15  make deductions from prisoner wage and trust account deposits for payment of restitution

16  obligations, is rationally related to legitimate state interests in compensating crime victims.  See

17  Abney v. Alameida, 334 F.Supp.2d 1221, 1232 (S.D. Cal. 2004) ("Plaintiff has not, and cannot,

18  allege that the deduction of money to satisfy the victim restitution order is not a legitimate interest

19  of the State of California.").

20  Therefore, plaintiff's claims challenging the withdrawal of funds from his prison trust

21  account fail to state a cognizable due process claim.  See Craft v. Ahuja, 2012 WL 688411 at *1

22  (9th Cir. 2012)[3] (district court properly dismissed substantive and procedural due process claims

23  based on restitution deductions from an inmate trust account); Thompson v. Swarthout, 2012 WL

24  1682029 (E.D. Cal. May 14, 2012); Abney, 334 F.Supp.2d at 1231-32 (allegations concerning

25  deductions from prisoner's trust account to satisfy restitution order whether authorized or

26  unauthorized by state law fail to state a claim for violation of substantive and procedural due

27

28  [3]  Citation to this unpublished Ninth Circuit opinion is appropriate under Ninth Circuit Rule 36-3(b).

1    process rights).

2            B.  <u>Challenge to Restitution Order</u>

3            Plaintiff claims that his due process rights were violated because he was not provided a

4    hearing at which he could dispute the $17,277.00 restitution obligation, and contends that no

5    order requiring such restitution "actually transpired."  (ECF No. 1 at 10.)  Plaintiff states that

6    under California Penal Code § 1202.4(f)(1), he has the right to a hearing before a judge to dispute

7    the amount of restitution.  (ECF No. 1 at 11.)

8            The Civil Rights Act under which this action was filed provides as follows:

9            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
10           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
11           law, suit in equity, or other proper proceeding for redress.

12   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

14   <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978) ("Congress did not intend § 1983

15   liability to attach where . . . causation [is] absent.");  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976) (no

16   affirmative link between the incidents of police misconduct and the adoption of any plan or policy

17   demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

18   to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

19   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

20   legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>,

21   588 F.2d 740, 743 (9th Cir. 1978).

22           Plaintiff is correct that state law requires he receive a hearing.  Cal. Penal Code

23   § 1202.4(f)(1).  However, plaintiff has not named a defendant who could provide such a hearing.

24   Defendant Naman is the Executive Officer of the VCGCB, and Scott Kernan is the

25   Superintendent of Prisons with the CDCR.  Neither defendant is a judge and therefore unable to

26   provide a hearing on the issue of restitution.  Indeed, California Penal Code § 1202.4(f)(3) states

27   the sentencing court should prepare the restitution order.  <u>Id.</u>  Neither of the named defendants

28   issued the order, and do not have the legal authority to revise or vacate such order.

But even if plaintiff could name an appropriate defendant, the certified transcript of plaintiff's March 9, 2010 sentencing hearing reflects that plaintiff was provided a hearing. People v. Peck, Case No. LF011459A (San Joaquin County). (ECF No. 20-3.) Plaintiff was present and represented by counsel. (ECF No. 20-3 at 4-5.) The sentencing court ordered restitution in the amount of $17,277.00, and plaintiff's counsel objected. (ECF No. 20-3 at 24.) The judge's order is included in the certified abstract of judgment, in which plaintiff was ordered to pay the Victim's Compensation Board, and the CDCR was ordered to collect, restitution in the amount of $17,277.00 under California Penal Code § 1202.4(f). (ECF No. 20-3 at 40.) Thus, the judge's order was reduced to writing and is a valid order.[4] Moreover, under California Penal Code § 2085.5(c), the CDCR is required to deduct funds from plaintiff's trust account statement under the March 9, 2010 order. Such legal obligation continues unless the order of restitution is satisfied, modified, or vacated by a subsequent court order.

For all of the above reasons, plaintiff's complaint fails to state a cognizable claim for relief under the Fourteenth Amendment.

### C. Alternative Arguments

Because this action should be dismissed for plaintiff's failure to state a cognizable due process claim, the undersigned declines to address defendants' remaining arguments.

## VII. Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") However, if,

---

[4] Furthermore, state law does not require the trial court to make express findings on a prisoner's ability to pay a restitution fine. Heatley v. Tilton, 2009 WL 943786 at *17 (E.D. Cal. Apr. 7, 2009).

after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

In light of the authorities cited above, the undersigned finds that granting plaintiff leave to amend would be futile. Moreover, plaintiff has affirmatively stated that he does not oppose the dismissal of this action, and it appears he does not intend to further pursue this action. (ECF No. 31 at 1.)

VIII. Three Strikes

Defendants request that the dismissal of this action count as a strike under 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Defendants do not state whether or not plaintiff has filed other cases, but do not claim that he has filed three or more cases. Thus, whether or not the dismissal of this case counts as a strike under § 1915(g) is not at issue. "Generally, 'district courts do not issue these strikes one by one, in their orders of judgment,' because nothing in the PLRA requires them to do so." Furnace v. Giurbino, 838 F.3d 1019, 1029 (9th Cir. 2016), quoting Andrews v. King, 398 F.3d 1113, 1119 n.8 (9th Cir. 2005). Because this court is not required to address whether or not the dismissal of this case counts as a strike, the undersigned declines to recommend that a strike be assessed. Furnace, 838 F.3d at 1029 (usually § 1915(g) strike determinations are not made until defendants challenge the prisoner's in forma pauperis status).

IX. Conclusion

Accordingly, IT IS HEREBY ORDERED that defendants' request for judicial notice (ECF No. 20-3) is granted; and

IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 20) be granted; and

9

1      2.  This action be dismissed for failure to state a claim.

2      These findings and recommendations are submitted to the United States District Judge

3  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

4  after being served with these findings and recommendations, any party may file written

5  objections with the court and serve a copy on all parties.  Such a document should be captioned

6  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

7  objections shall be filed and served within fourteen days after service of the objections.  The

8  parties are advised that failure to file objections within the specified time may waive the right to

9  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  December 15, 2017

11

12  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

13

14  /peck0736.mtd.nop

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10